**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                 CRIMINAL ACTION NO. 5:09-cr-00039

JOSEPH J. FUSTON, SR.,

                Defendant.

**REVOCATION OF SUPERVISED RELEASE AND JUDGMENT ORDER**

On November 12, 2009, the Defendant, Joseph J. Fuston Sr., appeared in person and by counsel, Edward H. Weis, Assistant Federal Public Defender, for a hearing on the *Petition for Warrant or Summons for Offender Under Supervision* submitted by the Defendant's supervising probation officer. The United States was represented at the hearing by John L. File, Assistant United States Attorney. United States Probation Officer Brett Taylor was also present at the hearing.

On October 17, 2008, the Defendant was sentenced to a term of imprisonment of thirty-seven months. On November 25, 2008, the term of incarceration was reduced to credit for time served to be followed by a three year term of supervised release. The Defendant began serving the term of supervised release on November 25, 2008. On June 16, 2009 the *Petition for Warrant or Summons for Offender Under Supervision* was filed charging the Defendant with violating certain conditions of supervised release.

At the hearing, the Court found that the Defendant had received written notice of the alleged violations as contained in the *Petition*, and that the evidence against the Defendant had been

disclosed.  The Court further found that the Defendant appeared, was given the opportunity to present evidence, and was represented in the proceeding by counsel.

The Court then found, by a preponderance of the evidence, that the Defendant violated certain conditions of supervised release as contained in the *Petition*, specifically:

2.   <u>Violation of standard condition number 11: The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer</u>:  According to Deputy Brad Ellison of the Wyoming County Sheriff's Office, he questioned Mr. Fuston regarding the conduct alleged in violation number one, during a telephone conversation on or about May 29,2009. As of [June 16, 2009], Mr. Fuston ha[d] not reported the questioning by law enforcement on May 29,2009. More than seventy-two hours have elapsed; and

3.   <u>Violation of standard condition number 2: The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month</u>:  Mr. Fuston submitted a false monthly report for the month of May 2009. On that report, the defendant indicated that he was not questioned by any law enforcement officer during the month. Mr. Fuston's signature was on the report and it was dated June 3, 2009. The report was received on June 5, 2009.

The Court noted that violations 1 and 4 as contained in the *Petition* were previously dismissed by the United States Magistrate Judge on October 9, 2009.

In making these findings, the Court relied upon the information contained in the *Petition*, and the Defendant's statement that he does not dispute violations 2 and 3 contained in the *Petition*.

Having found the Defendant to be in violation of the conditions of supervised release, the Court **REVOKED** the Defendant's supervised release and entered judgment as follows:

It is the **JUDGMENT** of the Court that the Defendant be committed to the custody of the Federal Bureau of Prisons for a term of **time served**.  The Defendant shall be released from custody on November 12, 2009.  Upon release from custody, the Defendant shall be placed on supervised release for a term of **30 MONTHS**.  Within 72 hours of release from custody, the Defendant shall report in person to the United States Probation Office in the district to which the Defendant is

2

released.  While on supervised release, the Defendant must not commit another federal, state, or local crime, must not possess a firearm or other dangerous device, and must not unlawfully possess a controlled substance.  The Defendant must also comply with the standard terms and conditions of supervised release as recommended by the United States Sentencing Commission and as adopted by the United States District Court for the Southern District of West Virginia, including the special condition that the Defendant shall participate in a program of testing, counseling, and treatment for drug and alcohol abuse as directed by the probation officer, until such time as the Defendant is released from the program by the probation officer.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:        November 12, 2009

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE